UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLAT SARDALIYEV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DENIS CASIM, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-00078-JAM-AC (PS)<br><br><br><br>ORDER |

An initial scheduling conference is currently set in this matter for August 21, 2019. ECF No. 4. However, the court has not received the status reports which were due on August 7, in advance of the scheduling conference. Due to the lack of reports and the fact that defendant Casim was only recently served with a copy of the summons and complaint in this action, the court finds it appropriate to continue the initial scheduling conference.

Good cause appearing, IT IS HEREBY ORDERED as follows:

1. The Initial Scheduling Conference currently set for August 21, 2019 is CONTINUED to September 18, 2019 at 10:00 a.m. in Courtroom No. 26 before the undersigned. All parties shall appear by counsel or in person if acting without counsel.
2. Not later than fourteen (14) days prior to the Initial Scheduling Conference, the parties shall file status reports[1] addressing the following matters:

---

[1] The parties are encouraged, when possible, to file a joint status report.

1

a. Service of process;
b. Possible joinder of additional parties;
c. Any expected or desired amendment of the pleadings;
d. Jurisdiction and venue;
e. Anticipated motions and their scheduling;
f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;
g. Future proceedings, including setting appropriate cut−off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;
h. Special procedures, if any;
i. Estimated trial time;
j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;
k. Whether the case is related to any other cases, including bankruptcy;
l. Whether a settlement conference should be scheduled;
m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they prefer to have a settlement conference before another judge;
n. Any other matters that may add to the just and expeditious disposition of this matter

3. The parties are also informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Ninth Circuit Court of Appeals. See 28 U.S.C. § 636(c). Consent forms should be returned to the Clerk of the Court within 30 days of this order.

////
////
////
////

4. The Clerk of the Court is directed to provide copies of the "Consent to Proceed Before United States Magistrate Judge" with this order.

IT IS SO ORDERED.

DATED: August 8, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE