UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLAT SARDALIYEV,<br><br>    Plaintiff,<br><br>    v.<br><br>DENIS CASIM; ZAM TRANS INC.,<br><br>    Defendants. | No. 2:19-cv-0078 JAM AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for default judgment. ECF No. 19. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). Defendants did not respond to the motion, and the matter was taken under submission. ECF No. 23. On January 2, 2020, the court ordered plaintiff to serve defendants with the motion for default judgement. ECF No. 24. Following an extension of time, plaintiff filed proof of service. ECF No. 29. Shortly thereafter, defendants appeared and filed an answer. ECF No. 30. For the reasons set forth below, the undersigned recommends plaintiff's motion be DENIED.

**I.    Relevant Background**

Plaintiff Polat Sardaliyev brought his complaint in pro se on January 11, 2019, claiming jurisdiction pursuant to 42 U.S.C. § 1332. ECF No. 1 at 1. Plaintiff is a citizen of Missouri, defendant Denis Casim is alleged to be a citizen of Nevada, and defendant Zam Trans Inc. is alleged to be a citizen of California. Id.

1

The complaint alleges as follows. On or about January 23, 2017, plaintiff was operating his motor vehicle in a careful and prudent manner westbound on Interstate 80 near its intersection with Kearsarge Mill Rd. in Placer County, California. Id. at 2. At the same time and place, Denis Casim was operating a motor vehicle in the course and scope of his employment by Zam Trans Inc., and in furtherance of Zam Trans Inc.'s business interests. Id. Casim operated his motor vehicle in a negligent manner by failing to drive in a single lane, driving at an excessive speed, and stopping his vehicle in lanes reserved for moving traffic. Id. As a direct and proximate result of the careless and negligent conduct of Casim, a violent crash occurred between Casim's vehicle and the vehicle operated by the plaintiff. Id.

The complaint further alleges that plaintiff suffered mental and physical pain and suffering, severe injuries to his head, chest, neck, and back, including a concussion, which caused plaintiff to be unable to work full time at his regular profession as a truck driver. Id. Plaintiff's injuries are permanent and progressive. Id. As a direct and proximate result of the careless and negligent conduct of Casim, plaintiff underwent reasonable and necessary medical treatment for his injuries, and incurred and will incur in the future fair and reasonable medical expenses in the approximate sum of $25,000.00. Id. at 3. In addition, plaintiff has incurred approximately $25,000 in lost wages damages to date, and will incur more in the future. Id. Plaintiff sues for total damages in excess of $75,000.00.

A summons was served to defendant Zam Trans Inc. on February 21, 2019 and to Denis Casim on June 26, 2019, and proof of each service was filed with the court on July 23, 2019. ECF No. 8. Defendants did not appear, and plaintiff moved for entry of default on October 17, 2019. ECF No. 19. The clerk entered default as to each defendant on October 21, 2019. ECF No. 21. Plaintiff moved for default judgment on September 17, 2019 (ECF No. 19) and the court re-set the hearing date to January 8, 2020. ECF No. 22.[1] Upon noting that plaintiff had not

---

[1] Plaintiff improperly filed the motion for default judgment before requesting entry of default by the Clerk of Court. The court finds this procedural error harmless; the Clerk's entry of default occurred more than two months before defendants' response to the motion for default judgment was due, because the motion for default judgment was noticed far in advance; defendants had ample notice and ample time to respond to the motion.

served the motion for default judgment on the defendants, the undersigned ordered him to do so. ECF No. 24. The order, which plaintiff was directed to serve with his motion, stated that unless defendants appeared within 14 days of service, the undersigned was prepared to recommend a grant of default judgment. Id.

Plaintiff filed proof of service on March 6, 2020. ECF No. 29. The defendants appeared through counsel on March 10, 2020. ECF No. 30. Defendants did not file an opposition to the pending motion for default judgment. They did, however, file an answer to plaintiff's complaint. ECF No. 30.

## II. Motion

Plaintiff moves for default judgment against each defendant in the amount of $200,000. ECF No. 19 at 1. Though plaintiff does not specify the claims on which he seeks judgment, and his complaint does not expressly state any cause of action, it is clear from the allegations of the complaint that this case presents a single claim of negligence. See, e.g., ECF No. 1 at 2 (alleging defendants' "careless and negligent conduct"). Defendants submitted an answer denying the majority of the allegations and setting forth affirmative defenses. ECF No. 30.

## III. Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

////

////

> (1) possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B. The Eitel Factors

1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiff would suffer only the harm of delay if default judgment is not entered, because the defendants have appeared in this

case. As plaintiff has himself requested multiple extensions of time in this case, the undersigned does not find delay to be a substantial hardship to plaintiff. Accordingly, the first Eitel factor disfavors the entry of default judgment.

### 2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, although the allegations may be sufficient to state a claim, defendants have denied the allegations and raised affirmative defenses. See ECF No. 30. Because the merits of plaintiff's claims are disputed, these factors disfavor entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Here, in the motion for default judgment, plaintiff seeks $200,000 in damages from each defendant. As a preliminary matter, the court notes that because defendant Zam Trans is alleged to be liable only under the doctrine of respondeat superior, Casim's "negligence is imputed to [his] employer pursuant to the doctrine of respondeat superior. Thus, [Zam Trans] stands in [Casim's] shoes and the entire liability of these two defendants toward [plaintiff] is co-extensive." Miller v. Stouffer, 9 Cal. App. 4th 70, 84 (1992). Because liability in the respondeat superior context is joint, not joint and several, plaintiff can collect the total amount of damages from either defendant or a combination of the two, but cannot collect the total judgment from both defendants. The amount at issue (a total maximum award of $200,000.00) is proportionate to the seriousness of the conduct at issue, and this factor would favor entry of default judgment were the claim uncontested.

### 4. Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case affirmatively are disputed in the Answer that has been file by defendants. ECF No. 30. This factor disfavors entry of default judgment.

////

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, it is unclear whether defendants' default was due to excusable neglect. Plaintiff served the defendants with the summons and complaint, and defendants did not appear. ECF No. 8. However, defendants did appear shortly after they were served with the motion for default judgment. ECF No. 30. Whether the original failure to appear was due to lack of actual notice of this lawsuit is unclear. Accordingly, this Eitel factor weighs neutrally.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Because defendants have now appeared, with counsel, and have filed an answer disputing plaintiff's claims, this factor weighs heavily against entry of default judgment. ECF No. 30.

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is not entitled to the entry of default judgment against defendants. The majority of factors disfavor default judgment; it is both possible and preferable to decide this case on the merits and plaintiff will not suffer meaningful prejudice by the delay that has occurred in this case.

## IV. Conclusion

It is hereby RECOMMENDED that plaintiff's motion for default judgment (ECF No. 19) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 30, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE